# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC T. RUCKER,

        Plaintiff,

    v.                              Case No. 08-C-1079

TIME WARNER CABLE, et. al.,

        Defendants.

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

On December 10, 2008, Eric T. Rucker, proceeding pro se, filed a complaint alleging that the defendants discriminated against him because of his race, color, and conviction record when they revoked an offer of employment. Accompanying his complaint is a motion to proceed in forma pauperis ("IFP").

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Rucker is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his petition to proceed in forma pauperis, Rucker's statements regarding his income and liabilities appropriately demonstrate to the court that he is indigent. Therefore, the court shall turn to the claims raised in Rucker's complaint.

Rucker, who identifies himself as African-American, states that he applied for a job with Time Warner Cable. He alleges that Time Warner withdrew its offer of employment when Rucker's background check confirmed that he had a conviction for Fourth Degree Sexual Assault. Rucker contends that since, in his opinion, the conviction is not related to the job, the offer was withdrawn because of his race.

"A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief." Love v. Pullman Co., 404 U.S. 522, 523 (1972); 42 U.S.C. § 2000e-5(f)(1). This includes filing a charge with the United States Equal Employment Opportunity Commission ("EEOC") or with Wisconsin Equal Rights Division ("ERD"). Only after exhausting the remedies available through the administrative process may an aggrieved party bring suit for an alleged violation of Title VII.

"The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary

compliance with its mandates." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989).

Rucker failed to attach a "Right to Sue" letter to his complaint, and the complaint is devoid of any allegation that he has exhausted his remedies with the EEOC or the ERD. Therefore, the court must dismiss his complaint pursuant to 28 U.S.C. §1915(e)(2).

Finally, the court notes that it appears that Rucker was untruthful in his complaint. Rucker utilized this district's standard pro se complaint, which asks on page 1, "Have you begun other lawsuits in state or federal court?" Rucker checked the box "No." According to Eastern District of Wisconsin's Electronic Court Filing System, Eric T. Rucker previously filed two lawsuits in this district.

On March 14, 1997, Rucker filed case number 97-CV-264, against the Postmaster General of the United States Postal Service, which was dismissed without prejudice by Judge J.P. Stadtmueller on March 25, 1997. On September 24, 1997, Rucker attempted to re-open this case by filing an amended complaint but Judge Stadtmueller again denied his request to proceed in forma pauperis and dismissed the case without prejudice.

On March 27, 1997, Rucker filed case number 97-CV-308, also against the Postmaster General of the United States Postal Service. On September 24, 2008, Magistrate Judge Aaron Goodstein granted the defendant's motion for summary judgment. Rucker appealed, and the Seventh Circuit dismissed his appeal for want of prosecution on June 8, 2000.

Untruthfulness in any pleading filed with a court is a serious infraction that may warrant the imposition of sanctions upon a litigant. Sanctions may include the dismissal of a case. Further, the complaint must be signed "under penalty of perjury." Under such circumstances, a person who willfully subscribes as true any material matter that he does not believe is true may be subject to possible prosecution and conviction for the crime of perjury. See 18 U.S.C. § 1621.

**IT IS THEREFORE ORDERED** that Rucker's Motion to Proceed In Forma Pauperis, (Docket No. 2), is **denied** and the complaint is **dismissed** without prejudice.

Dated at Milwaukee, Wisconsin this 15 day of December 2008.

/s_____
Lynn Adelman
UNITED STATES DISTRICT JUDGE